UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:10 -CR-151-TAV-CCS |
| ) | |
| JOSHUA KIDWELL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the defendant's pro se motion to adjust his federal sentence to run concurrent with his state sentence [Doc. 42]. Defendant pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) [Doc. 24]. On June 9, 2011, Defendant was sentenced to 46 months of imprisonment, followed by three years of supervised release [Doc. 31]. In support of his motion, Defendant relies on U.S.S.G. § 5G1.3(b) and/or (c), which allows sentencing courts to adjust a sentence downward when the Federal and state sentences are based on identical or similar conduct. Defendant states that his state sentence of 36 months was for theft of the very same firearm which comprised his Federal charge of possession of a firearm by a convicted felon. The state sentence was imposed on November 21, 2011, several months after the Federal sentence [Doc. 42]. Defendant asserts that U.S.S.G. § 5G1.3(b) and (c) allow this Court to adjust a Guideline sentence based on discharged or undischarged terms of imprisonment for similar or duplicate crimes prosecuted on both the Federal and

state levels. Defendant asks the Court to reduce his Federal sentence by 22 months, the time he spent in state custody on the theft charge. *Id.*

At the time the Federal sentence was imposed, Defendant was under the primary jurisdiction of the State of Tennessee, and in Federal custody pursuant to a writ [Doc. 41]. Following sentencing, Defendant was returned to the State of Tennessee and his Federal judgment filed as a detainer. *Id.* Defendant completed his state sentence on June 20, 2012, and was released to the Federal detainer to commence service of his Federal sentence as provided by Title 18 U.S.C. § 3585(a).

The Government responds that the Court may only modify a defendant's sentence as permitted by statute, and Defendant has not identified any statutory authority upon which the Court could grant the requested relief. The Government recommends that Defendant's motion be denied [Doc. 43].

The authority of the Court to resentence Defendant is limited by statute. *United States v. Ross,* 245 F.3d 577, 585 (6th Cir. 2001). Specifically, 18 U.S.C. § 3582(c)(1)(B) provides in relevant part that a "court may not modify a term of imprisonment once it has been imposed except that . . . the court may modify an imposed sentence of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." *Id.*

Rule 35(a) provides that, "within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." The authority to correct a sentence conferred by Rule 35(a) is "extremely limited." *United States v.*

2

*Arroyo*, 434 F.3d 835, 838 (6th Cir. 2006). As the Rule 35 Advisory Committee Note makes clear, the rule "is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or . . . simply to change its mind about the appropriateness of the sentence . . . or to reopen issues previously resolved at the sentencing hearing though the exercise of the court's discretion with regard to the application of the sentencing guidelines." *See also United States v. Galvan-Perez,* 291 F.3d 401, 406-07 (6th Cir. 2002) (noting that a sentencing judge may not use Rule 35(a) to alter a discretionary decision merely because he later had a "change of heart"). Unless an error is an "obvious error or mistake" that would have resulted in a remand by the appellate court, it is outside of Rule 35(a)'s narrow purview. *Arroyo*, 434 F.3d at 838.

Defendant's sentencing memorandum noted that Defendant was facing a violation of probation in his state case, and that he expected a sentence to be imposed in the state court [Doc. 29], so this factor was considered by this Court in imposing Defendant's sentence of 46 months imprisonment. What Defendant is asking the Court to do now is to reconsider its earlier decision. In the absence of an express statute or rule to the contrary, the Court is without jurisdiction to reconsider and impose a modified term of imprisonment. *Ross,* 245 F.3d at 586; *accord United States v. Zsofka,* 1997 WL 44052 (1st Cir. Aug. 5, 1997); *United States v. Blackwell,* 81 F.3d 945 (10th Cir. 1996); *United States v. Crowder*, 947 F. Supp. 1183 (E.D. Tenn. 1996).

3

Accordingly, Defendant's motion to adjust his federal sentence to run concurrent with his state sentence [Doc. 42] is **DENIED.**

ENTER:

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

4